# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC MISKOVITCH, | ) |
| | ) Civil Action No. 10 - 897 |
| Petitioner, | ) |
| | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| v. | ) |
| | ) |
| M. WENEROWICZ; THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) ) ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Petitioner, Eric M. Miskovitch, a state prisoner incarcerated at the State Correctional Institution at Mercer, Pennsylvania, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition should be dismissed as untimely because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d). Consequently, the Motion to Dismiss the Habeas Petition (ECF No. 10) will be granted and the Motion for Teleconference or Evidentiary Hearing dated October 18, 2010 will be denied.

### A. Relevant Procedural History

On August 26, 1996, Petitioner entered *nolo contendere* pleas at the Beaver County Court of Common Pleas at Criminal Numbers 1448 through 1451 of 1996. The underlying facts for each case are as follows:

> A. 1448-1996; during the week of March 27,1996, Petitioner was alleged to have acted as an accomplice when four individuals escaped from the Beaver County Jail;
>
> B. 1449-1996; on April 4, 1996, while Petitioner was incarcerated in Beaver County, a search of his person revealed a concealed handcuff key;

C. 1450-1996; on April 28, 1996, while Petitioner was incarcerated in the Beaver County Jail, it is alleged that he struck a Corrections Officer; and

D. 1451-1996; on June 8, 1996, Petitioner escaped from Beaver County Jail.

Petitioner was sentenced on August 26, 1996 by the Honorable Senior Judge James E. Rowley of the Court of Common Pleas of Beaver County to an aggregate term of imprisonment of not less than two and one-half to not more than twelve years incarceration. Petitioner did not file any direct appeal from his sentences.

On November 19, 2003, Petitioner filed a *pro se* petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542. Counsel was appointed and an amended PCRA petition was filed. On September 21, 2007, the PCRA Court denied Petitioner's PCRA Petition as untimely stating that Petitioner did not meet any of the exceptions to the time limitations (ECF No. 10-5, pp. 19-22. Petitioner filed a timely Notice of Appeal and on October 27, 2008, the Superior Court of Pennsylvania affirmed the Trial Court's determination denying Petitioner PCRA relief on the basis of its determination that Petitioner had finished serving his sentence and, therefore, was not eligible for PCRA relief (ECF No. 10-5, p. 26). On July 22, 2009, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal (ECF No. 10-2, p. 1). Petitioner's federal Petition for Writ of Habeas Corpus was executed on June 16, 2010.

## B. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws impose a one-year limitations period applicable to state prisoners, which provides as follows.

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

The Court of Appeals for the Third Circuit has held that the statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 125 S.Ct.904 (Jan. 10, 2005). Thus, in analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger" date for the individual claims raised in the Petition. Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-

conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, Petitioner pleaded guilty and was sentenced August 26, 1996; he did not file any direct appeal from his sentence. Consequently, direct review of Petitioner's conviction became "final" on or about September 26, 1996, *i.e*, the date of the expiration of the thirty-day filing period for filing a timely Notice of Appeal to the Superior Court. *See* Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (holding that, because the Petitioner did not file a direct appeal from his guilty plea, his conviction and sentence became "final" upon the expiration of the thirty-day time period during which he could have appealed).[1] Thus, Petitioner had one year from that date, *i.e.*, until September 25, 1997 to file a federal habeas corpus petition challenging his conviction.

In the case at bar, however, Petitioner did not file his federal Habeas in this Court until June 16, 2010, the date he signed his Petition. Thus, this court must determine whether Petitioner can take advantage of the "tolling" provision in section 2244(d)(2). In this regard, as stated above, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

---

1. *See also* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (same for 28 U.S.C. § 2255 motions).

With respect to the instant petition, Petitioner filed his PCRA Petition on November 19, 2003, well after his one-year limitations under AEDPA had expired. Thus, there is no basis for statutorily tolling.[2]

Unfortunately for him, Petitioner did not file his federal habeas corpus petition until June 16, 2010, almost thirteen years after his limitations period had expired. Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. In this regard, Petitioner's petition for habeas corpus and his attachments do not indicate that Petitioner suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C).

Finally, after reviewing Petitioner's claims, there is no indication that the doctrine of equitable tolling should be applied in this action. Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

---

2. Moreover, the federal habeas corpus statute, as amended by AEDPA specifically provides that only "properly filed" applications for State post-conviction or other collateral review can toll the one-year limitations period. In Petitioner's case, his PCRA petition was dismissed as untimely by the PCRA Court. In Pace v. DiGuglielmo, 544 U.S. 408 (2005), the United States Supreme Court determined that a state postconviction petition rejected by the Pennsylvania state court as untimely is not "properly filed" within the meaning of § 2244(d)(2).

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. *Id*. at 978. *See also* LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), *cert. denied,* 513 U.S. 1086 (2001). In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. *See, e.g.*, Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining a petitioner's one-year limitations period does not constitute extraordinary circumstances for purposes of equitable tolling).

The discussion above reveals that the petition for writ of habeas corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). Consequently, the Petition will be dismissed as untimely.

### C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. §

2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner did not file his habeas petition within the one-year limitations period. Accordingly, a certificate of appealability will be denied. An appropriate order follows.

**AND NOW**, this 26th day of April, 2011;

**IT IS HEREBY ORDERED** that the Motion to Dismiss the Habeas Petition (ECF No. 10) is **GRANTED** and the Petition for Writ of Habeas Corpus is **DISMISSED as untimely.**

**IT IS FURTHER ORDERED** that the Motion to Remand to State Court dated September 20, 2010 is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Motion for Teleconference or Evidentiary Hearing dated October 18, 2010 is **DENIED** as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

                                                Lisa Pupo Lenihan
                                                Chief United States Magistrate Judge

cc:      Eric M. Miskovitch
         DA 5989
         SCI Graterford
         Box 244
         Graterford, PA 19426